1  Daniel Berko - SBN 94912
   819 Eddy Street
2  San Francisco, CA 94109
   Telephone: 415-771-6174
3  Facsimile: 415-474-3748
   E-mail: BerkoLaw@SBCglobal.net
4

5  Attorneys for Plaintiffs,
   THOMAS W. RAMOS on behalf of himself
6  and all others similarly situated

7                                              **E-filing**

8                    **UNITED STATES DISTRICT COURT**

9
                 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10

11                                        **CASE N08              5177**
   THOMAS W. RAMOS on behalf of himself )
12 and all others similarly situated,     ) **COMPLAINT FOR DAMAGES FOR**
                    Plaintiff,            ) **VIOLATION OF FAIR LABOR**
13                                         ) **STANDARDS ACT**
                                          )
14        vs.                             )
                                          ) **CLASS ACTION 29 USC 216(b)**
15 AC SQUARE, COMCAST INC.; AFSHIN        )
   GHANEH; ANDREW A. BAHMANYAR;           ) **PLAINTIFF DEMANDS A JURY TRIAL**
16                                         ) **ON ALL ISSUES**
                                          )
17            Defendants.                 )
                                          )
18                                         )
                                          )
19 _____)

20       Plaintiff THOMAS W. RAMOS complains of Defendants and each of them as follows:

21       1.      This court has jurisdiction over this case because it is an action brought pursuant

22 to the *Fair Labor Standards Act*, 29 USC §§ 201–219. Plaintiff and the class members each have

23 a right to bring an action under the FLSA pursuant to 29 USC 216(b).

24       2.      Plaintiff is informed and believes and thereupon alleges that Defendants AC

25 SQUARE, INC., COMCAST, INC. AFSHIN GHANEH, ANDREW BAHMANYAR employ

26 technicians who install, disconnect, and upgrade cable television, computer and other electronic

27 services to consumers who use the services and equipment of Comcast, a provider of cable

28 television and computer services to consumers throughout California.  In addition to be actual

1  employers, COMCAST, INC. AFSHIN GHANEH, ANDREW BAHMANYAR knowingly

2  direct, instigate, aid, abet, support, encourage, have agree to, and advise all the other defendants

3  in their violations of the FLSA and other labor laws.

4      3.    Comcast Communications is a Delaware corporation licensed to do business and

5  doing business in California as Comcast. Comcast is a joint employer of Plaintiff and all class

6  members as alleged herein because the class members are performing essential functions of

7  Comcast's business, Comcast has significant power over their working conditions, the class

8  members are understood by the public to be representing Comcast, many of the class members,

9  including plaintiff at all times during his employment, obtained their daily work assignments at

10  Comcast warehouses, all of the equipment installed by class members is Comcast equipment and

11  Plaintiff is informed and believes in the contract between AC Square and Comcast by which AC

12  Square agrees to have its technicians represent Comcast and install Comcast services in

13  customer's home dictates that AC Square is to receive insufficient funds for its technicians to be

14  paid in conformity with California and federal law. Moreover, COMCAST knows, or should

15  know, that AC acts in violation of California Labor laws in its agreements with all class members

16  yet continues to encourage and enable AC to underpay its workers and continues to pay AC the

17  monies necessary to allow AC to continue profiting by violating the law and cheating class

18  members of their lawful rights. AC Square acts in close concert with Comcast in supervising

19  class members. Moreover, Comcast aids and abets AC in its violations of the FLSA by knowing

20  of AC's business model and it knows, or should know, that in performing services for Comcast

21  for which Comcast pays AC Square, AC Square does not pay overtime to class members even

22  though class members are clearly not exempt from the requirements of the FLSA that they be

23  paid overtime and even though class members, including Plaintiff, regularly worked more than

24  forty hours in a work week. Comcast acted in the interest of AC Square and the other defendants

25  in taking the actions herein alleged. Comcast, by shifting responsibility for the installation of

26  Comcast equipment to AC and knowingly allowing AC to systematically underpay its cable

27  technicians including plaintiff and class members, was able to unfairly compete in the market

28  place by reducing the true costs of installing and servicing its equipment through the use of

1 | laborers paid less than lawful wages.

2 |     4.     Afshin Ghaneh and Andrew Bahmanyar are managerial employees and/or officers
3 | and/or directors of AC Square. Afshin Ghaneh owns 100% of the stock of AC Square and has
4 | final say on any and all of its policies and practices. Afshin Ghaneh and Andrew Bahmanyar are
5 | responsible for setting corporate policy, have operational control of AC's payroll and business
6 | practices, including but not limited to directing and requiring AC to fail to pay overtime
7 | compensation even though it is clearly and unquestionably due to class members.  Ghaneh
8 | ordered, directed, and required AC not to pay overtime wages to Plaintiff and to other class
9 | members so that he could keep money that he knew should have gone to pay the employees their
10 | overtime wages for himself.  Ghaneh in fact appropriated for himself corporate funds that
11 | otherwise would have been used to pay Plaintiff and class members their overtime wages under
12 | federal law and California law and other wages due under California and minimum wages due
13 | under federal law.

14 |     5.     In this complaint, when reference is made to any act of AC SQUARE, INC.,
15 | (hereafter "AC") such allegations shall mean that the owners, officers, directors, agents,
16 | employees or representatives, of AC authorized, ratified, approved such acts, or negligently
17 | failed and omitted to supervise its employees and agents while engaged in the management,
18 | direction, operation or control of the affairs of the business organization and did so while acting
19 | within the course and scope of its employment or agency.

20 |     6.     In this complaint, when reference is made to any act of COMCAST INC.
21 | (hereafter "COMCAST") such allegations shall mean that the owners, officers, directors, agents,
22 | employees or representatives, of COMCAST authorized, ratified, approved such acts, or
23 | negligently failed and omitted to supervise its employees and agents while engaged in the
24 | management, direction, operation or control of the affairs of the business organization and did so
25 | while acting within the course and scope of its employment or agency.

26 |     7.     During at more than one work week during his employment,  which started in
27 | May 2006 and ended in May 2007, Plaintiff worked hours for which he was not paid including
28 | (1) staff meetings that were held weekly for which no compensation was paid and (2) the time

1  starting no later than when Plaintiff reported to work, at a Comcast location as designated and
2  required by defendants, to pick up job orders, plot which jobs would be done in what order, and
3  pick up and/or drop off necessary equipment in order to perform the required work. Bahmanyar,
4  Ghaneh, AC Square and their attorneys, including but not limited to in litigation, even though
5  they must know it has no basis in either California or United States law, that employees paid
6  according to the piece are not entitled to be paid for time working for the employer as described
7  in items 1 and 2 of this paragraph, simply because they are paid by the piece. During more than
8  one work week during his employment not only did Plaintiff work for hours, for which he was
9  not paid, but he also received less than the minimum wage for all hours worked.

10      8.      Plaintiff brings this action on his own behalf, and on behalf of all persons
11  similarly situated. The class plaintiff represents consists of all persons who were directly
12  employed by AC as cable television and computer technicians and who install, upgrade,
13  disconnect and provide similar services to consumers who use the services and equipment of
14  Comcast. Plaintiff  RAMOS worked as a technician and his job included the responsibilities to
15  install, upgrade, disconnect and provide similar services to consumers who use the services and
16  equipment of Comcast. Plaintiff was formerly employed by AC as a cable television and
17  computer technician for the purpose of installing, upgrading, disconnecting and providing similar
18  services to consumers who use the services and equipment of Comcast.

19      9.      There are well-defined common of questions of law and fact affecting the class
20  Plaintiffs represent. The class members' claims against Defendants involve questions of common
21  and general interest in that each and every class member worked as an installer of cable
22  television, computer and electronic services to consumers who use the services and equipment of
23  Comcast, were not paid for overtime, were paid on a piecemeal basis, were willfully not paid all
24  money due at termination of their employment, were not reimbursed for gas, cell phone bills,
25  parking tickets or vehicle maintenance or damage all of which involved or occurred while
26  working for AC. In addition, AC, by uniform policy attributable to all class members, failed to
27  pay each class member wages during all hours that they worked. Specifically, AC failed to pay
28  class members for the time from when they first arrived at a Comcast or AC Square location to

1   pick up work orders, plot which jobs would be done in what order, and pick up and/or drop off

2   necessary equipment in order to perform the required work or for staff meetings. In addition,

3   Plaintiff and the other members of the class were not paid overtime even though Plaintiff, and all

4   or almost all members of the class, worked at least one work week in which the class member

5   worked over forty hours in a workweek, but was not paid overtime. In addition, Plaintiff, and all

6   or almost all class members worked at least one (and often many more) days in which they

7   worked for more than eight hours in a day, but were not paid overtime as required by California

8   law. Accordingly, the facts supporting the claim for each class member is identical or

9   substantially similar for Plaintiff and each member of the class and the alleged breach and claim

10  of liability is identical or substantially identical for each member of the class. These questions

11  are such that proof of a state of facts common to the class representatives and to members of the

12  class will entitle each member of the class to the relief requested in this complaint.

13      10.    Plaintiff will fairly and adequately represent the interests of the class, because

14  plaintiff is a member of the class and plaintiff's claims are typical of those in the class.

15      11.    Defendants AC, Afshin Ghaneh, Andrew Bahmanyar and their attorneys (who

16  have represented them not only in lawsuits filed in court, but also in conduct not part of court

17  cases) and Comcast have all been on notice that Plaintiff and others similarly situated have been

18  underpaid and are owed monies for overtime work under the FLSA.

19                          **FIRST CLAIM FOR RELIEF**

20                    **(VIOLATION OF FAIR LABOR STANDARD ACT)**

21                          **(AGAINST ALL DEFENDANTS)**

22      12.    Plaintiff incorporates herein *in haec verba* all of the allegations, averments, and

23  matters contained in paragraphs 1 through 12 above.

24      13.    AC, COMCAST, AFSHIN GHANEH, ANDREW BAHMANYAR and Does 1

25  through 60 fail to pay overtime to class members even though it is clear that class members are

26  entitled to overtime for each workweek that they work over 40 hours in a week.

27      14.    AC'S, COMCAST'S, AFSHIN GHANEH'S and ANDREW BAHMANYAR'S

28  failure to pay overtime due to class members was a willful violation of the FLSA because it

1   would be impossible for defendants not to be aware that the class members were not exempt

2   from overtime requirements and yet they failed to pay overtime and continue to fail to pay

3   overtime through the present time.

4        15.     Because all Defendants willfully failed to comply with the FLSA, all Plaintiffs are

5   entitled to damages consisting of the overtime wages they should have been paid and liquidated

6   damages in an amount equal to the unpaid overtime plus interest at the legal rate and reasonable

7   attorney's fees incurred in enforcing the rights.

8

9   **WHEREFORE PLAINTIFFS PRAY JUDGMENT AS FOLLOW:**
    **ON ALL CAUSES OF ACTION:**

10       1.      General damages according to proof in an amount that is yet to be ascertained;

11       2.      Special damages according to proof in an amount that is yet to be ascertained;

12       3.      Interest on all sums awarded including prejudgment interest;

13       4.      Costs of suit;

14       5.      A reasonable attorney's fee;

15       6.      Such other, and/or further relief as is just and proper.

16   Dated: November 14, 2008, 2008

17                                              _____
                                                DANIEL BERKO
18                                              Attorney for Plaintiff THOMAS RAMOS on behalf
                                                of himself and all those similarly situated
19

20   **DEMAND FOR JURY TRIAL**

21       Plaintiff on behalf of himself and each member of the class demands a jury trial on all

22   issues.

23
     Dated: November 14, 2008
24
                                                _____
25                                              DANIEL BERKO
                                                Attorney for Plaintiff THOMAS RAMOS on behalf
26                                              of himself and all those similarly situated

27

28

_____
                COMPLAINT FOR DAMAGES FOR VIOLATION OF FAIR LABOR STANDARDS ACT