United States District Court

For the Northern District of California

1
2
3
4
5
6
7                    UNITED STATES DISTRICT COURT

8                    NORTHERN DISTRICT OF CALIFORNIA

9
10  THOMAS W. RAMOS, on behalf of himself          No. C 08-5177 MHP
    and all others similarly situated,
11
                    Plaintiff,                     **<u>ORDER</u>**
12
       v.                                          **Re: Cross-Motions for Summary Judgment**
                                                   **Regarding Alleged Status of Defendant**
13  AC SQUARE, et al.,                             **Comcast as Joint Employer**

14                  Defendants.
                                              /
15

16          Plaintiff Thomas Ramos brings this action alleging violations of the Fair Labor Standards

17  Act ("FLSA"), 29 U.S.C. §§ 201-219, by several defendants he alleges were his joint employers,

18  including Comcast Cable Communications Management ("Comcast").[1]  Comcast disputes plaintiff's

19  assertion that it was his employer.  The parties brought cross-motions for summary judgment on the

20  narrow issue of whether Comcast employed Ramos for the purposes of the FLSA.[2]

21          The court has carefully considered the parties' submissions and arguments.  It concludes that

22  dismissing Comcast from this action would be premature at this stage of the litigation.  The court has

23  serious questions, however, about the viability of plaintiff's claim against Comcast.  Accordingly,

24  the court grants neither party's motion for summary judgment, but rather holds its decision in

25  abeyance until such time as it would be appropriate to renew the motions.

26          As this litigation proceeds and the parties conduct additional discovery, they should do so

27  with an eye to fully exploring the nature of Comcast's relationship with AC Square, its employees,

28  plaintiff and other Comcast contractors performing similar work.  If plaintiff's counsel has not yet

completed depositions of Comcast representatives, these should be accomplished within a reasonable time. Furthermore, the parties should conduct additional discovery into the following issues:

- Any additional information pertaining to Comcast's supervision of plaintiff's work;

- Whether Comcast has been aware that AC Square has not entered into contracts to provide its services to any customer other than Comcast and the implications of that with respect to the issues in this case;

- The genesis of AC Square's creation and the role played therein by any persons associated with Comcast;

- The frequency with which Comcast "charges back" funds for jobs not completed according to Comcast specifications;

- How the rate Comcast pays to AC Square is negotiated;

- Whether there are any variations among the contracts Comcast has with its contractors performing functions similar to those performed by AC Square;

- Who is responsible for any damage resulting from an AC Square employee's negligence while working in a Comcast customer's home;

- Whether AC Square or other contractors appear to limit the respective numbers of their employees for the purposes of avoiding labor laws;

- Whether any customer has complained of confusion about whether an AC Square employee represents Comcast.

///
///
///
///
///
///
///

2

1   ///

2

3      This list is not intended to be exclusive, and the parties shall conduct the discovery necessary

4   to adjudicate the joint employer issue.  The discovery shall be completed within ninety (90) days.

5   At this stage, the instant cross-motions are deemed withdrawn pending this further discovery.  Upon

6   completion of the discovery, either party may renotice its motion in accordance with the Civil Local

7   Rules.  For the present, Comcast continues to be a party to this action.

8

9      IT IS SO ORDERED.

10

11

12   Dated: November 6, 2009                                    _____

                     MARILYN HALL PATEL

13                        United States District Court Judge

                     Northern District of California

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3

1

**<u>ENDNOTES</u>**

2

1.    The complaint named Comcast, Inc., but the parties now agree that the proper defendant is Comcast Cable Communications Management.  Docket No. 88 ¶ 1.

3

4

2.    Plaintiff styled his motion as a "motion for summary adjudication" but does not state why summary adjudication would be appropriate at this stage of the proceedings in an action with no administrative record.  The court deems plaintiff's motion to be a motion for summary judgment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California